# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## PALM BEACH DIVISION

EXCEPTIONAL HOLIDAY LIGHTING LLC,

    Plaintiff,

vs.                                                                                  CASE NO:

ESSENTIAL HOLIDAY LIGHTING,
LLC; NELSON HAWS III, an individual;
ZOE ROSEN, an individual; and JARED
BEVIANO, an individual
    Defendant,
_____/

## COMPLAINT

Plaintiff, EXCEPTIONAL HOLIDAY LIGHTING LLC ("Plaintiff" or "Exceptional"), sues Defendants, ESSENTIAL HOLIDAY LIGHTING (hereinafter "Defendant Essential"), and NELSON HAWS III ("HAWS") ZOE ROSEN ("ROSEN"), and JARED BEVIANO ("BEVIANO") (Collectively "Defendants") alleges as follows:

## INTRODUCTION

Plaintiff is the premier decorative holiday and event lighting company in South Florida. Plaintiff provides both residential and commercial work and has Plaintiff was founded in 2022 and has since expanded its services up the entire east coast of Florida. Plaintiff has also innovated the preparation process by creating and developing interactive web tools to allow customers to visualize the end result through its unique "Color Selector Tool".

Plaintiff has invested significant time and money in its brand, goodwill and innovative tools to build its strong reputation as a pioneer in this industry. Plaintiff learned of Defendant Essential and the use of its near identical business name, model, logo color scheme, target

audience, and practically copied and pasted promotional copy on its website. Upon first learning of the numerous issues, Plaintiff sent a cease-and-desist letter, requesting the issues be addressed and remedied. Defendant Essential opted to continue using the infringing trademark and deceptive business practices thus necessitating this litigation.

**PARTIES**

1. Plaintiff EXCEPTIONAL HOLIDAY LIGHTING, LLC, is a Florida limited liability company with its princial place of business located in Delray Beach, Florida.

2. Defendant Essential is a Florida limited liability company with its principal place of business located at 2612 NW 39th St., Boca Raton, FL 33434.

3. Defendant HAWS is an individual who upon information and belief is an owner and/or controlling member of Defendant Essential and resides at 7244 Via Abruzzi, Lake Worth, FL 33467.

4. Upon information and belief, Defendant HAWS is a moving, active, conscious driving force behind Defendant Essential and all acts of infringement explained herein.

5. Defendant ROSEN is an individual who upon information and belief is an owner and/or controlling member of Defendant Essential and resides at 2612 NW 39th St., Boca Raton, FL 33434.

6. Upon information and belief, Defendant ROSEN is a moving, active, conscious driving force behind Defendant Essential and all acts of infringement explained herein.

7. Defendant BEVIANO is an individual who upon information and belief is an owner and/or controlling member of Defendant Essential and resides at 20571 Linksview Way, Boca Raton, FL 33434.

8. Upon information and belief, Defendant BEVIANO is a moving, active, conscious driving force behind Defendant Essential and all acts of infringement explained herein.

## JURISDICTION AND VENUE

9. This is an action for (i) Trademark Infringement under 15 U.S.C. §1114 of the Lanham Act; (ii) Unfair Competition and False Designation of Origin under 15 U.S.C. §1125(a) of the Lanham Act; (iii) Copyright Infringment (iv) Deceptive and Unfair Trade Practices Act under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") §501.204 of the Florida Statutes; and (v) Common Law Trademark Infringement.

10. This Court has subject matter jurisdiction under 28 U.S.C §§1331, 1338, 1367 in that this action arises under Acts of Congress relating to trademarks and the claims for unfair competition under 28 U.S.C. §1338 as this complaint arises out of copyrights and the remaining state law claims are joined with substanial and related claims brought under the trademark and copyright laws.

11. This Court has personal jurisdiction over Defendants because Defendant Essential is a Florida registered LLC and its principal place of business lies in this district.

12. Further, this Court has personal jurisdiction over each of the individual defendants as they each own and operate a Florida entity, but each also reside within the State of Florida – specifically within this distrct.

13. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

14. Plaintiff was founded in approximately 2022, in Boca Raton, Florida.

15. As the company began to grow and expand, Plaintiff began investing in protecting its goodwill and intellectual property and registered its trademark for "Exceptional Holiday Lighting" ("Mark") with the United States Patent and Trademark Office ("USPTO"), which was awarded registration no. 7464292 ("TM Registration"). *See Exhibit 1.*

18. The TM Registration is in full force and effect.

16. Further, Plaintiff has developed and created its own "Color Selector Tool" to feature on its website, www.Exceptionalholidaylighting.com ("Exceptional Website").

17. Plaintiff obtained a federal copyright registration for its Interactive Color Selector Tool, Registration No. TX-9-540-080[1] ("Copyright Registration").

17. Additionally, Plaintiff has curated unique and creative descriptions, narratives and verbiage to feature on its Website to explain its process and overall business, which Defendant Essential has copied nearly word for word. *See Exhibit 3.*

19. The Copyright Registration is in full force and effect and the first date of publication dates back to August 1, 2024.

19. Defendant Essential registered its business with the Florida Secretary of State in 2024, nearly two years after Plaintiff had been in operation. *See Exhibit 4.*

20. Defendant Essential adopted a confusingly similar and nearly identical trademark.

21. Defendant Essential's use of this confusingly similar mark is likely to cause, and has already caused, confusion among consumers as to Plaintiff's sponsorhip, affiliation or connection with Defendants – to which there is none.

---

[1] Attached as Exhibit 2.

20. Upon information and belief, Defendant Essential is owned and operated by Defendants HAWS, ROSEN, and BEVIANO who are each the conscious force behind Defendant Essential's infringing conduct.

21. Deendants HAWS, ROSEN and BEVIANO each have directed, controlled, participated in or acted as the moving force behind the acts of trademark and copyright infringement described herein and each of the unlawful acts as described herein.

22. Plaintiff placed Defendants on notice of the infringing and unlawful actions prior to initiating this lawsuit and Defendants have continued its infringing and unlawful use, thus Defendants use of Plaintiff's Mark is willful.

23. Defendants' unlawful conduct has caused and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

23. Plaintiff has obtained the undersigned attorney's to represent it in this action and is obligated to pay reasonable attorney fees and costs for the services.

26. All conditions precedent to bringing this action have been met or have been waived.

## **COUNT I – FEDERAL TRADEMARK INFRINGMENT**

27. Plaintiff realleges and reasserts all allegations in the foregoing paragraphs 1-26 as if fully incorprated herein.

28. Defendants have used and continue to use Plaintiff's Trademark or a confusingly similar version of the Trademark in identical class of goods and services and marketed to the same crowd of consumers.

29. Defendants infring upon Plaintiff's Trademark because they use the identical words "Holiday Lighting" as well as the interchangeable and often synonmymous term "Essential" in liue of "Exceptional" which creates a confusingly similar mark, all without Plaintiff's consent.

30. Defendants' use of the confusingly similar mark is likely to – and has – created confusion and deception among consumers.

31. Defedants' use of the infringing mark is willful as they adopted the mark after Plaintiff but were also placed on direct notice of the infringement and continued to utlize the infringing mark in commerce.

32. Based on the willful infringement, Plaintiff seeks injunctive relief to permanently bar Defendants from the use of the infringing mark and considerse this an exceptional case entitling Plaintiff to recovery of its attorneys' fees and costs as detailed in 15 U.S.C. §1117.

## COUNT II – COPYRIGHT INFRINGEMENT

33. Plaintiff realleges and reasserts all allegations in the foregoing paragraphs 1-26 as if fully incorprated herein.

34. Plaintiff owns a valid copyirght registration for the HTML and source code of the Color Selector Tool, U.S. Copyright Registration No. TX-9-540080.

35. Defendants have utilized an identical or at a minimum a substantially similar version of the Copyright Registration on its website, thus Defendants have impermissibly copied, displayed and.or distributed Plaintiff's copyrighted code, all without Plaintiff's permission.

36. Plaintiff has the exclusive right to, among other things, to copy, reporduce, publicy display, create derivative works or, and/or distribute the Color Selector Tool and its source code.

37. Plaintiff also has the right to sue for infringment of any of these rights.

38. Defendants have copied, distributed, and/or displayed Plaintiff's copyrighted Color Selector Tool for their own commercial use in direct violation of 17 U.S.C. §106 et seq.

39. In violating 17 U.S.C. §106 et seq, Defendants are infringing on Plaintiff's copyrights in accordance with 17 U.S.C. §501.

40. Defendants' infringement is intentional and willful as Plaintiff provided Defendants with express written notice of its infringing actions, which Defendants chose to continue its infringing use.

41. The copyright infringement of Plainitff's work has caused Plaintiff to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.

42. As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiff has suffered damages and is entitled to damages in amounts to be determined at trial.

43. Further, Plaintiff is entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

**COUNT III – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

33. Plaintiff realleges and reasserts all allegations in the foregoing paragraphs 1-26 as if fully incorprated herein.

34. Defendants' unauthorized use in commerce of words, terms, names, symbols or logos or any combination thereof, consiting of or including any portion or derivative of Plaintiff's Trademark is likely to cause confusion or mistake or deceive consumers as to the affiliation, connection or association of Defendants with Plaintiff.

35. Defendants' unauthorized use of the Trademark or a deriviative of the Trademark is likely to cause confusion or mistake or deceive consumers as to the affiliation, connection or association of each Defendant with Plaintiff, or as to the origin, sponsorhip, or approval of Defendants' services or commercial activites from Plaintiff.

36. Defendants' unauthorized use of the Trademark or a deriviative version of the Trademark in commercial advertising, promotion, misrepresents the nature, characteristics,

qualities and/or geographic orgin of the Defendants' goods and services and is merely an attempt to capitalize on the goodwill established by Plaintiff.

37. Defendants' acts of infringment are intentional and wilfull as Defendants have adopted the infringing mark with notice and actual knowledge if Plaintiff's rights and have continued to utilize the infringing mark even after receipt of the pre-suit cease and desist letter.

38. Defendants' acts of infringement have and continue to cause actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar Defendants from the use of the infringing mark in commerce in connection with the same goods and services.

39. Defendants intentional actions render this an exceptional case further entitling Plaintiff to recovery of its attorney fees and costs as detailed in 15 U.S.C. §1117.

## COUNT IV – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

40. Plaintiff realleges and reasserts all allegations in the foregoing paragraphs 1-26 as if fully incorporated herein.

41. By misappropriating and using the confusingly similar version of Plaintiff's Trademark without any authority from Plaintiff, Defendants have falsely designated and falsely asserted that the lighting services it promotes, advertises, offers for sale originates from, is connected with or otherwise authorized by Plaintiff, the owner of the Trademark.

42. Further, Defendants have copied and utilized Plaintiff's original and protected code to recreate an identical or derivative version of the "Interactive Color Selector Tool" as displayed on their website www.essentialholidaylighting.com.

43. In addition to using Plaintiff's original code, Defendant has also copied and pasted identical text from Plaintiff's website in an effort to further decieve and confuse consumers as to a potential affiliation between the entities.

44. Each of these acts were done with the intention to convince Plaintiff's former clients to book directly with Defendants, thinking they are just renewing their prior agreement.

44. Defendants have engaged in unfair methods of competition, unconscionable acts or practices and unfair and deceptive acts or practices in the conduct of trade and commerce.

45. Defendants' actions have been willful and deliberate and intended to benefit Defendants to Plaintiff's detriment.

### COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT

46. Plaintiff realleges and reasserts all allegations in the foregoing paragraphs 1-26 as if fully incorprated herein.

47. Defendants' use of the infringing mark, including any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademark and such reporduction, counterfeit, copy or colorable imitation be used upon or in connection with the sale, distribution or advertising of identical or related services on or in connection with which such use is unauthorized by Plaintiff is likely to cause confusion, to cause mistake or to deceive consumers.

48. Defendants' willful and intentional conduct constitutes trademark infringement under Florida's common law.

49;. Defendants' willful and intentional conduct constitutes trademark infringement of Plaintiff's senior rights and has caused and will continue to cause Plaintiff to incur damage.

50. Defendants' willful and intentional conudct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation and will continue to both damage

Plaintiff and confuse the consuming public unless enjoine by this Court. Plaintiff has no other adequate remedy at law.

51. Plaintiff is entitled to, among other relief, an awarded of actual damages, injunctive relief, accounting of Defendants' profits, destruction of infringing goods, damages and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgement against Defendants as follows:

a. For an award of actual damages in an amount to be determined at trial;

b. For a full accounting of Defendants' profits;

c. For a judgement that each Defendants' infringement and unfair competition has been willful and intentional;

d. For all reasonable attorney's fees and costs of this litigation, including under 15 U.S.C. §1117 and 15 U.S.C. §1117;

e. For pre-judgement interest on all amounts claimed as permitted by law;

f. For an order enjoining Defendants from using in commerce the Plaintiff's Trademark or any similar mark in connection with lighting services;

g. For an order impounding all marketing materials, and other articles bearing the Trademark or a confusingly similar version of the Trademark;

h. For such other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues brought in this litigation.

Respectfully Submitted,

*/s/ Kelly Ann desRosiers, Esq.*
Kelly Ann desRosiers, Esq.
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
/s/ Lorri Lomnitzer, Esq.
Lorri Lomnitzer, Esq.
Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Highway, Ste. 202
Boca Raton, FL 33487
Telephone: (561) 953-9300